IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORMAN URIAH SIMMONDS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-235-RWS-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-110-RWS-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Atlanta, Georgia. Movant, pro se, filed a motion challenging his sentence under 28 U.S.C. § 2255. (Doc. 394 in 1:11-cr-235-RWS-LTW.)[1]

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. The undersigned has

_____

[1] All citations to the record are to 1:11-cr-235-RWS-LTW.

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

examined Movant's § 2255 motion and the record in this case and finds it plainly apparent that Movant is not entitled to relief for the reason explained below.

On July 19, 2012, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to commit access device fraud, access device fraud, and aggravated identity theft. (Doc. 287-1 ("Plea Agr."); Doc. 327 ("Plea Tr.").) In the plea agreement, Movant "voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground." (Plea Agr. at 11-12.) The only exceptions to the appeal waiver were that Movant could file a direct appeal if Respondent filed an appeal or if the Court departed upward or varied from the sentencing range calculated under the U.S. Sentencing Guidelines. (*Id.*) None of those things happened. Attorney P. Bruce Kirwan represented Movant at the plea hearing.

On February 6, 2013, the Court sentenced Movant to 102 months in prison, three years of supervised release, and restitution. (Doc. 340.) Attorney Thomas Wooldridge represented Movant at sentencing, as Kirwan had been relieved of representation three months earlier.

2

AO 72A
(Rev.8/82)

Movant appealed. (Doc. 345.) Wooldridge filed with the appellate court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and moved to withdraw from further representation. (Doc. 381.) The appellate court granted Wooldridge's motion, found no arguable issues of merit in the appeal, and affirmed Movant's convictions and sentence. (*Id.*)

Movant claims in his § 2255 motion that Wooldridge rendered ineffective assistance at sentencing. (Docs. 394, 394-1.) Movant faults Wooldridge for failing to object to: (1) use of the 2011 U.S. Sentencing Guidelines Manual; (2) the Court's use of account holders as victims without making individualized findings on the issue; (3) the Court's failure to make independent findings as to the intended loss amount; and (4) the sentence enhancement pertaining to the number of victims. (Doc. 394-1.)

Movant's claims are barred by the appeal waiver in his plea agreement. An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record

3

that the defendant otherwise understood the full significance of the waiver." *Williams*,

396 F.3d at 1341 (quotation marks omitted).  Both of those tests are satisfied here.

At the plea hearing, the prosecutor read aloud the entire appeal waiver provision

in Movant's plea agreement. (Plea Tr. at 8-9.) Movant agreed that the provisions read

by the prosecutor were the terms of the agreement he had reached with Respondent.

(*Id.* at 9.)  Later in the hearing, the Court expressly questioned Movant about the

appeal waiver:

> THE COURT: In the plea agreement that you entered into, it included a
> waiver of appeal rights; and Mr. Grimberg [the prosecutor] actually read
> that into the record as he was going over the plea agreement with you.
> But I want to touch on that briefly with you at this time. First, I want to
> make sure you understand the rights that you're giving up.
>
> A defendant in a criminal case typically has two opportunities to
> have his case reviewed. First, you have a right to file a direct appeal
> immediately after your conviction and to raise issues with the court of
> appeals. The court of appeals reviews those issues that you have raised
> to determine if this court has made any errors either in how I've applied
> the law or the findings that I've made in term of the facts, but it's a
> chance to challenge the decisions that are made here and have another
> court review what has happened here in this court. That's a direct appeal.
>
> The other opportunity that a defendant typically has is to file
> what's technically called a 2255 motion but you may have heard it called
> a petition for writ of habeas corpus. It's an opportunity to later challenge
> the constitutionality and the legality of your conviction and sentence. It's
> another opportunity to raise issues with the court to have your case
> reviewed to be sure that no errors were made during the handling of your

case.

Now, those are rights that a defendant has unless he gives them up. In the plea agreement that you have signed and agreed to be bound by, you've given up those rights except for two very limited circumstances. . . . [E]xcept for those two circumstances, you're going to basically be bound by whatever I do in the case and would have no right for review by any other judge or court. Do you understand that?

[MOVANT]: Yes, sir.

THE COURT: And Mr. Kirwan, have you had a chance to talk with your client sufficiently that you believe he does understand the waiver?

MR. KIRWAN: I have, your honor.

(Plea Tr. at 17-18.)

Movant's discussion with the Court about the appeal waiver demonstrates that he knowingly and voluntarily agreed to it. Movant does not contend otherwise, (Docs. 394, 394-1), and his sworn statements at the plea hearing would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). Movant's execution of the written plea agreement further demonstrates that he knowingly and voluntarily agreed to the appeal waiver. (*See* Doc. 287-1.) The appeal waiver is valid and bars Movant's claims in his § 2255 motion that Wooldridge rendered ineffective assistance at sentencing.

5

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [394] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:14-cv-110-RWS-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his claims are barred by the appeal waiver in his plea agreement. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 21 day of _____January_____, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)