IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORMAN URIAH SIMMONDS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-235-RWS-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-110-RWS-LTW |

## ORDER

Movant is a federal prisoner who entered a negotiated guilty plea in this Court to fraud and identity theft crimes. Movant, pro se, now challenges his sentence under 28 U.S.C. § 2255. (Doc. 394 in 1:11-cr-235-RWS-LTW.) Movant contends that his counsel rendered ineffective assistance at sentencing. (*Id.*)

Magistrate Judge Walker issued a Report and Recommendation that Movant's § 2255 motion be denied because it is barred by the appeal waiver in Movant's plea agreement. (Doc. 395 ("R&R").) Movant filed objections to the R&R. (Doc. 398.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R

for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). When specific objections are not lodged, the Court need not perform a de novo review. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (holding that district court was required to conduct de novo review of only those objections "that identified specific findings set forth in the R&R and articulated a legal ground for objection").

Movant does not dispute that the appeal waiver in his plea agreement was read aloud at his plea hearing, that the Court discussed it with him, and that he informed the Court, under oath, that he understood and agreed to it. He could not dispute those facts as the transcript of the plea hearing establish them. (Doc. 327 at 8-9, 17-18.) The R&R is correct that the record establishes Movant knowingly and voluntarily agreed to the appeal waiver, as required for the waiver to be enforceable. *See Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005).

Movant argues in his objections that the appeal waiver should not be enforced because of what transpired at the end of his sentencing hearing. The following discussion occurred at that time:

2

> THE COURT: . . . [A]t the time you entered your plea, you waived the right to appeal except in limited circumstances; and since the Court has imposed a sentence that's not greater than the guidelines, it does not appear that you would have a right to appeal. But I'll ask Mr. Wooldridge [defense counsel] to confer with you on that and if you believe there's an appeal available to you, to protect your rights in that regard.
>
> Objections to the sentence as imposed . . . from the Defense?
>
> MR. WOOLDRIDGE: Yes, Your Honor. We also want to preserve our objections regarding our sentencing guideline objections to the victims and the amount of loss. And this isn't an objection, but I'd also like to have it entered on the record that the restitution order should be jointly and severally with Deloatch, Neely, Jackson, Walker, Trice, and Echeverry.
>
> THE COURT: And it should. It should be joint and several with those named defendants, and the Judgment and Commitment order will so reflect.
>
> All right. If there's nothing further, I will remand the Defendant to the custody of the Marshal's Service and we will be in recess. Thank you.

(Doc. 372 at 35-36.) Movant contends that because his counsel preserved an objection to the application of the sentencing guidelines and "[t]he Court did not object" to the preservation, Movant can now challenge his sentence despite the appeal waiver. (Doc. 398 at 1-3.) Movant relies primarily on *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1995) to support his argument. (*Id.* at 2.)

3

The defendant in *Buchanan* executed a plea agreement that contained an appeal waiver. *Buchanan*, 59 F.3d at 916. At sentencing, the judge "twice stated that Buchanan had a right to appeal his sentence," which conflicted with the appeal waiver. *Id.* at 916-17. The court of appeals held that "[b]ecause of the district court judge's statements" that "explicitly advised Buchanan of his right to appeal . . . Buchanan could have a reasonable expectation that he could appeal his sentence" and thus "the oral pronouncement must control." *Id.*

*Buchanan* has no application to this case for at least two reasons. First, the U.S. Court of Appeals for the Eleventh Circuit has not adopted the Ninth Circuit's holding in *Buchanan* that a judge's explicit advisement at sentencing of the right to appeal overrides the defendant's earlier knowing and voluntary waiver of the right to appeal. Movant has cited no case from the Eleventh Circuit, and the Court has found none, adopting or agreeing with that rule. And it appears that "[n]o other circuit has adopted the rule of *Buchanan*, [although] several have spoken on the issue." *United States v. Fleming*, 239 F.3d 761, 765 (6th Cir. 2001) ("[W]e expressly decline to adopt the Ninth Circuit's rule in . . . *Buchanan* . . . and add our voice to the chorus of criticism of that decision."); *see United States v. Guzman*, 457 F. App'x 223, 225 (4th Cir. 2011)

4

(agreeing with *Fleming*'s reasoning and rejecting claim that court's statement at sentencing that defendant had the right to appeal trumped the appeal waiver).

Second, even if *Buchanan*'s rule were the law in the Eleventh Circuit, it would not apply here because the Court did not unequivocally tell Movant he had the right to appeal his sentence like the district court did in *Buchanan*. In fact, the Court reminded Movant at the end of the sentencing hearing that he had waived the right to appeal except in limited circumstances, told him those circumstances did not exist, and told him "it does not appear that you would have a right to appeal." (Doc. 372 at 35.) The Court told Movant to confer with his counsel if he (Movant) nonetheless believed that the limited exceptions stated in the appeal waiver existed. (*Id.*) That statement in no way conveyed that Movant had a right to appeal under the law or contradicted the appeal waiver, unlike the court's statements in *Buchanan*. The Court's silence regarding Movant's preservation of objections to the sentence is a far cry from the explicit statements the court made in *Buchanan*. Movant's incredulous position would require district courts to not only discuss appeal waivers at plea hearings, but to re-emphasize them at any later time when a defendant or his counsel says anything regarding appeal. That is not the law.

5

Movant cites other cases that are readily distinguishable. For example, in *United States v. Bowden*, the Fourth Circuit held that an appeal waiver that barred appeal so long as "the sentence imposed herein is within the guidelines . . . and the enhanced sentencing provision of 18 U.S.C. § 924(e)" did not bar the defendant's challenge to the "application of the Guidelines and the armed career criminal enhancement of § 924(e)" because the very nature of the challenge was that the sentence was not within the guidelines. 975 F.2d 1080, 1081 n.1 (4th Cir. 1992). Movant's appeal waiver does not include such broad language; it allows an appeal only "of an upward departure or a variance from the sentencing guideline range" or if Respondent appealed. (Doc. 287-1 at 11-12.) The record clearly establishes that there was no upward departure, variance, or appeal by Respondent.

The lack of ambiguity in Movant's appeal waiver further distinguishes it from other waivers Movant has referenced, like the one in *United States v. Harris*. 434 F.3d 767 (5th Cir. 2005). The waiver in *Harris* reserved the right to appeal "a sentence in excess of the Guidelines," language which the Fifth Circuit found ambiguous in a case where the defendant claimed the guideline provisions used were inapplicable. *Id.* at 770-71. In contrast, Movant's waiver carved out a particular exception, namely an

6

upward departure or variance from the guidelines range, that is specific and unambiguous in the sentencing context.

Finally, Movant's reliance on *United States v. Pierre* is misplaced because that case did not even involve an appeal waiver. 120 F.3d 1153 (11th Cir. 1997). An issue in *Pierre* was whether the defendant's guilty plea was knowing and voluntary when he pled guilty only because of the reasonable, but mistaken, belief that he had preserved speedy trial issues for appeal. *Id.* at 1156-57. The court held that the defendant's mistaken belief prevented him from understanding the consequences of the plea and thus that the plea was not valid. *Id.* at 1157. It is clear in this case that Movant fully understood the consequences of the rights he was waiving, including the effect of the appeal waiver. The Court discussed the unambiguous appeal waiver with Movant and ensured that he understood and agreed to it. Movant has shown no basis to disregard the appeal waiver, and it bars the claims in his § 2255 motion.

Accordingly, the Court **OVERRULES** Movant's objections [398] and **ADOPTS** the R&R [395] as the opinion of the Court. Movant's § 2255 motion [394] and a certificate of appealability are **DENIED**. Civil action number 1:14-cv-110-RWS-LTW is **DISMISSED**.

7

**SO ORDERED** this __14th__ day of February, 2014.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE