IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  |
|---|---|---|
| NORMAN URIAH SIMMONDS, | :: | |
|     Movant, | :: | |
| | :: | CRIMINAL ACTION NO. |
| v. | :: | 1:11-CR-235-RWS-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | |

**ORDER**

Movant is a federal prisoner who entered a negotiated guilty plea in this case to fraud and identity theft crimes. After the judgment was affirmed on appeal, (Doc. 381), Movant, pro se, filed a motion under 28 U.S.C. § 2255 in which he claimed that he received ineffective assistance of counsel at sentencing, (Doc. 394).

On February 14, 2014, the Court denied the § 2255 motion because the appeal waiver in Movant's plea agreement was enforceable and barred his claims. (Doc. 399.) The Court denied Movant a certificate of appealability, (*id.*), and the court of appeals denied him one, (Doc. 411). In August 2014, the court of appeals denied Movant's motion for reconsideration. (Doc. 413.)

Movant now has filed a "motion to re-open with appointment of counsel." (Doc. 415.) Movant asks the Court to "re-open and re-visit his case" in light of the policy memo the Department of Justice issued to federal prosecutors in October 2014

regarding the enforcement of appeal waivers in cases involving claims of ineffective assistance of counsel (the "DOJ Memo"). (*Id.* at 1.) The DOJ Memo set out this new policy: "For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve." *Murdock v. United States*, No. 13-13855, 2015 WL 127365, at *1 (11th Cir. Jan. 9, 2015) (quoting October 14, 2014 memorandum from Deputy Attorney General James M. Cole).

Because Movant seeks to re-open § 2255 proceedings in which a final judgment has been entered and the appeal of that judgment has concluded, his motion is properly construed as seeking relief under Federal Rule of Civil Procedure 60(b), which provides "Grounds for Relief from a Final Judgment, Order, or Proceeding." *See Osborne v. United States*, 559 F. App'x 807, 808 (11th Cir. 2014) (construing as a Rule 60(b) motion a motion for reconsideration of the dismissal of a § 2255 motion on procedural grounds). Rule 60(b) provides relief from a judgment on only the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

2

>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only ground potentially applicable to Movant's motion is the final one, i.e., Rule 60(b)(6), because he presents no evidence that any other ground applies and nothing in the record would support another ground.[1] (Doc. 415.)

"A petitioner who seeks relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Osborne*, 559 F. App'x at 809 (citing *Gonzalez*, 545 U.S. at 535). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

---

[1] Movant is correct that his motion does not constitute a second or successive § 2255 claim that requires the court of appeals' permission before filing because the Court denied his § 2255 motion on procedural grounds without addressing the merits of his ineffective assistance claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005); *Osborne*, 559 F. App'x at 809.

3

There are no extraordinary circumstances here. The sole basis for Movant's motion to re-open his § 2255 case is an assertion that after October 2014, pursuant to the DOJ Memo, the U.S. Attorney in this district might not seek to enforce the appeal waiver in Movant's plea agreement if confronted with Movant's claim that his counsel rendered ineffective assistance at sentencing. (Doc. 415.) But the U.S. Attorney was not confronted with that claim after October 2014 because judgment was entered on Movant's § 2255 motion in February 2014 and his appeal of that judgment concluded in August 2014. The only way to revive the ineffective assistance claims is to show that there are extraordinary circumstances warranting relief from the judgment, and Movant has not made that showing. *See Osborne*, 559 F. App'x at 810 (new Supreme Court decisions issued after § 2255 judgment, even though favorable for the movant, could not constitute extraordinary circumstances justifying relief under Rule 60(b)). The DOJ Memo is not an extraordinary circumstance, as it does not tell prosecutors to decline to enforce appeal waivers when faced with ineffective assistance claims; it simply says they "should decline" to enforce appeal waivers when faced with a *meritorious* ineffective assistance claim.

AO 72A
(Rev.8/82)

Movant has not made the showing required for relief from the § 2255 judgment entered in this case almost one year ago. Accordingly, his motion to re-open the § 2255 case [415] is **DENIED**.

**SO ORDERED** this  21st  day of January, 2015.

_____
**RICHARD W. STORY**
United States District Judge